EASTERN DIST.
*April,* 1840.

FORSYTH
*vs.*
DESPIERRIS'S
EXECUTORS.

*Roselius,* for the appellees, moved to dismiss the appeal on account of the irregularities and defects in bringing it up.

---

### FORSYTH *vs.* DESPIERRIS'S EXECUTORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the witnesses are of equal credibility, and differ in their testimony, the one having the best opportunity to know the facts testified to, will be entitled to the most weight.

This is a redhibitory action for the rescission of the sale and return of the price of a slave, purchased by the plaintiff at the executors' sale of the late Guillaume Despierris's succession.

EASTERN DIST.
*April,* 1840.

FORSYTH
*vs.*
DESPIERRIS'S
EXECUTORS.

The defendants pleaded a general denial, and expressly averred that the slave was perfectly sound at the time of the sale. They pray that the plaintiff's demand be rejected, and that they have judgment for the balance of the price unpaid.

The evidence showed that the slave in question was purchased on the 12th September, 1837, and on the 30th, eighteen days afterwards, was admitted into Dr. Luzenberg's hospital, sick. He died on the 18th October following. On a *post mortem* examination, Dr. Luzenberg gave it as his decided opinion, that the disease of which the slave died had its origin and existed before the sale, and that it was incurable. Another physician, who had attended the negro about fifteen days before the sale, stated that he had had an attack of pleurisy, and was sick eight days; but that he left him, fifteen days before the sale, "*bien portant;*" that he was not afflicted with the disease stated by Dr. Luzenberg.

On this testimony, the district judge was of opinion, that more credit was due to the declaration of the physician who made the *post mortem* examination, than the other. There was judgment rescinding the sale, &c., and the defendants appealed.

*Rawle,* for the plaintiff.

*Canon,* contra.

*Morphy, J.,* delivered the opinion of the court.

This is a suit brought for the rescission of the sale of a slave, adjudicated to the plaintiff on the ground that at the time of the sale, he was affected with a disease of which he died shortly after. The evidence shows that eighteen days after the adjudication, the slave being sick, was admitted into the infirmary of Dr. Luzenberg, where he died on the 18th of October following. A *post mortem* examination of the body of the slave, made by the physician who attended him during his last illness, convinced the latter that the disease of which this boy died must have existed, and did exist, previous to the day of the sale; and that even at that period, it was already incurable. This testimony is contradicted, in some

particulars, by another physician; but we think with the judge below, that more weight must be given to the opinion of the physician who attended the patient and made a *post mortem* inspection of his body. From the extent of the internal ravages of the disease, he was better enabled to form an opinion of its duration and real character, than the other physician, who, although he had seen and attended the boy shortly before the sale, could speak only from conjecture as to what happened afterwards, in relation to the disease of which the negro died, and the state in which his body was found.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.